**CHRISTIAN KNIGHTS OF THE KU KLUX KLAN INVISIBLE EMPIRE, INC., et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 90–2615–LFO.**

United States District Court, District of Columbia.

Oct. 28, 1990.

As Corrected Oct. 30, 1990.

Arthur Spitzer, American Civil Liberties Union, Washington, D.C., for plaintiffs.

Charles Reischel, Deputy Corp. Counsel, Washington, D.C., for defendants District of Columbia.

John D. Bates, Michael L. Martinez and John C. Cleary, Asst. U.S. Attys., Washington, D.C., for U.S.

## ORDER

OBERDORFER, District Judge.

In response to the remand of the Court of Appeals, this Court has held a further evidentiary hearing and finds as follows:

(1) The plaintiffs have a substantial likelihood of prevailing on the merits of their claim against the District of Columbia because denial of their right to march the full route from the Monument to the Capitol would deny them their First Amendment right to express their message: no one, including the Klan, can be twice denied a right to march in a traditional public forum, the full route, because of threats of audience violence.

(2) The District denied the plaintiff a permit to march between 14th Street and 7th Street on Constitution Avenue because of threats of mob violence and the effort and resources required to control those threats. There is no evidence that the District of Columbia has ever shortened any demonstration by any other political group because of threats of uncontrollable violence.

(3) The harm to plaintiffs from preventing their expression of that message by marching the full route in the teeth of hostile threats would be irreparable.

(4) There is a truly real, substantial, likelihood of violence.

(5) The threat of violence is not beyond reasonable control of the District of Columbia, supported as it is, by the commitment of the United States that it would supply all the additional resources required by the circumstances to assist the Metropolitan Police Department to protect the plaintiffs, to protect federal property along Constitution Avenue from 14th Street to 3rd Street, and to safeguard the Nation's Capitol. It is persuasive that the United States deliberately and vigorously advocates making available to plaintiffs the full Constitution Avenue route. Park Police officials responsible for providing support to the Metropolitan Police Department on this occasion gave their opinion by affidavit and live testimony subject to cross-examination that the threat of violence is not beyond reasonable control. They reiterate their opinion under oath after confronting recent intelligence made available by the Metropolitan Police Department under seal, as well as recent political developments with respect to recent legislation and court actions having special local impact.

(6) There is an overriding public interest in enforcement of plaintiffs' First Amendment claim and an even greater public interest in establishing that eleven blocks of Constitution Avenue can be protected at all times by the combined resources of the District of Columbia and the United States and that no mob can rule seven blocks of Constitution Avenue.

Based upon these findings of fact and conclusions of law, it is this 28th day of October, 1990, hereby

ORDERED: that defendants District of Columbia, Marion Barry, and Isaac Fulwood, Jr. shall issue a permit authorizing plaintiffs to march from 14th Street, N.W., to the Capitol along Constitution Avenue, N.W., between the hours of 1:30 p.m. and 4:30 p.m. on Sunday, October 28, 1990; and it is further

ORDERED: that plaintiffs' application for a temporary restraining order and preliminary injunction ordering and enjoining defendant United States to issue a permit to plaintiffs to march along Madison Drive from 14th Street, N.W., to 7th Street, N.W., and Constitution Avenue, N.W., to Capitol Hill, between the hours of 1:30 p.m. and 4:30 p.m. on Sunday, October 28, 1990, is DENIED; and it is further

DECLARED: that, on this record, no court order should be required to assure that the District of Columbia and the responsible officials of the United States will cooperate to perform their sworn duty to enforce the law and to defend the Constitution; and it is further

ORDERED: that plaintiffs shall post a bond of $100.00.